Edgar J. Nathan, Jr., J.
A challenge to the jurisdiction of the Magistrates’ Court may be made by writ of habeas corpus (People v. Schildhaus, 8 N Y 2d 33), but the relator herein has failed to establish that her sentencing in Bronx Gamblers Court by a City Magistrate who is a resident of the Borough of Queens was a nullity on jurisdictional grounds. Section 102 of the New York City Criminal Courts Act, which is part of article VII thereof dealing exclusively with jurisdiction and procedure of City Magistrates’ Courts, clearly invests each Magistrate with city-wide jurisdiction, and empowers him to perform the duties and functions of a Magistrate in and for any one of the counties incorporated in the city. The language of section 102 is explicit as to this. The contention that section 81 of the same act, which provides that no Magistrate ‘1 2shall be assigned to sit in any borough in which he does not reside except temporarily to help out in some emergency ”, limits the jurisdictional provisions of section 102 is untenable. Section 81 is part of article VI of the act which is entitled “ Organization of City Magistrates’ Courts Section 81 sets forth the administrative functions of the Chief Magistrate, including assignments of Magistrates. Whether or not the Chief Magistrate has fully complied with that section does not affect the jurisdiction of the designated Magistrate, which is delineated in section 102 as heretofore indicated. The additional question as to the excessiveness of the sentence may only be determined by appeal, and in any event has been withdrawn in this proceeding. Accordingly this writ is dismissed.